UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHERRY R. PALMER & MARK E. PALMER,

                              Plaintiffs,

                    -v-                                    00-CV-6370CJS

MONROE COUNTY SHERIFF; BURNS GLASS          DECISION AND ORDER
SERVICE LTD, D/BA/ RAY SANDS GLASS ET. AL.,

                              Defendants

---

APPEARANCES

For Plaintiffs:                              R. Brian Goewey
                                              One West Main Street
                                              Suite 300
                                              Rochester, NY 14614

For Defendants:                           Howard A. Stark
                                              Monroe County Department of Law
                                              39 West Main Street
                                              Room 307
                                              Rochester, NY 14614

INTRODUCTION

      This is an action in which plaintiffs Sherry R. Palmer and Mark Palmer ("plaintiffs") are suing the defendants pursuant to 42 U.S.C. § 1983 claiming violation of Sherry Palmer's ("Palmer") federal constitutional rights, and under New York State law claiming that she was subjected to malicious prosecution, abuse of process, intentional and/or reckless infliction of emotional distress, and negligence.  Now before the Court are plaintiffs' Objections [#223] to a

Decision and Order [#222] of United States Magistrate Judge Jonathan W. Feldman, which denied plaintiffs' Motion for Leave to File an Amended Complaint [#216]. For the reasons that follow, the Court rejects plaintiffs' objections and affirms and adopts the Magistrate Judge's Decision and Order in its entirety.

## BACKGROUND

The facts of this case are set forth in a previous Decision and Order [#190] of this Court and need not be repeated in their entirety. Plaintiffs filed the instant case on August 4, 2000 after Palmer was found not guilty on charges of second degree grand larceny arising from allegations made by her former employer, defendant Burns Glass Service Ltd., d/b/a Ray Sands Glass ("Burns Defendants"). This action is based upon the alleged fabrication of evidence by defendant deputy sheriff Joseph Hennekey ("Hennekey"). In that regard, plaintiffs maintain that Hennekey fraudulently prepared an "Expenditure in Excess of Known Sources of Funds Schedule" ("Funds Schedule") which was used by Assistant District Attorney Charles Callear ("Callear") to obtain an indictment and which he also used at trial. Plaintiffs allege that Hennekey and Callear violated Palmer's federal constitutional rights and committed various state-law torts when they attempted to prove that she had stolen money from Burns Glass Service through the use of the inaccurate Funds Schedule, which purported to show that plaintiffs' spending exceeded their known sources of funds by $19,545.68 over a two and a half year period. Plaintiffs contend that this Funds Schedule was fabricated evidence, since it failed to show that plaintiffs had surplus income of $19,257.35.[1] Plaintiffs alleges that Hennekey intentionally

---

[1] During the course of Plaintiff's criminal trial, the presiding judge, the Honorable William Bristol, commented that the Funds Schedule failed to include Plaintiff's surplus income of $19,257.35. The inclusion of this surplus income in the Funds Schedule revealed the true difference between Plaintiff's known sources of funds and expenditures to be $288.33 and not $19,545.68.

omitted their surplus income in order to make Palmer appear guilty. As proof that Hennekey acted intentionally in this regard, plaintiffs allege that Hennekey prepared the Funds Schedule in Palmer's case in a manner that was not only inconsistent with training that he had received, but that was also inconsistent with funds schedules that he had prepared in other cases.

Following discovery, defendants filed a Motion for Summary Judgment [#132] and plaintiffs cross-moved for the same relief [#149]. Plaintiffs argued, inter alia, that they were entitled to summary judgment pursuant to *Riciutti v. New York City Transit Authority*, 124 F.3d 123 (2d Cir. 1997). Under *Riciutti*, "when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. §1983." *Id.* at 130 (citing *United States ex rel. Moore v. Koelzer*, 457 F.2d 892, 893-894 (3d Cir. 1972)). On April 29, 2004, by Decision and Order [#190], United States District Judge Michael A. Telesca granted in part, and denied in part, defendant's Motion for Summary Judgment [#132]. Judge Telesca dismissed plaintiffs' claims for abuse of process, intentional infliction of emotional distress, failure to properly train or supervise, and negligent investigation and denied summary judgment as to plaintiffs' claims for malicious prosecution and false arrest. Additionally, Judge Telesca denied plaintiffs' Motion for Summary Judgment [#149] in its entirety. Plaintiffs subsequently moved for reconsideration of the decision granting partial-summary judgment to defendants and argued that, in dismissing Plaintiffs' fourth cause of action, entitled "Intentional and/or Reckless Infliction of Emotional Distress as a Constitutional Deprivation," Judge Telesca had erroneously also dismissed a 14th Amendment claim for denial of a fair trial, based on defendants' fabrication of evidence. In a

subsequent Order and Decision [#212], Judge Telesca denied plaintiffs' Motion for Reconsideration. Specifically, in response to plaintiffs' claim that the Court had erroneously dismissed a 14th Amendment fair trial claim, Judge Telesca stated that "this court need not entertain such a claim as no such claim is contained in the Complaint." *See,* Dec. 16 Order [#212], p. 6.

On January 19, 2005, the above matter was transferred to the undersigned. On January 25, plaintiffs filed a Motion for Leave to File an Amended Complaint [#216] and sought to add a 14th Amendment fair trial claim, pursuant to *Riciutti v. New York City Transit Authority*, *supra*, alleging that Hennekey violated Palmer's right to a fair trial under the 14th and 6th Amendments by fabricating evidence and forwarding it to prosecutors. *See,* Motion for Amendment of Complaint [#216-3], p. 10. In other words, plaintiffs sought to add a constitutional denial of fair trial claim under *Riciutti* to the Complaint, in response to Judge Telesca's ruling that the Complaint did not contain such a claim. In opposition to the motion, defendants argued that leave to amend should be denied on grounds of excessive delay. Specifically, defendants asserted that the plaintiffs became aware, both in August and September 2001 that the Court and the defendants were not interpreting the Fourth Count of the Complaint as pleading a *Riciutti* fair trial claim:

> The Ray Sands Glass Defendants' Memorandum of Law [***Docket #21***], submitted in support of their... motion for summary judgment, indicated that Count Four asserts civil rights violations for intentional and/or reckless infliction of emotional distress...The plaintiffs' papers submitted in opposition to the Ray Sands Glass Defendants' motion for summary judgment, did not take issue with the Ray Sands Glass Defendants' characterization of the Fourth Count of their Complaint, or assert that it was one for an alleged 14th Amendment violation of Palmer's right to a fair trial....This Court's Decision & Order entered August 22, 2001[***Docket #40***] granting the Ray Sands Glass Defendants' motion for summary judgment, indicated that the Plaintiffs alleged in Counts I, **IV**, V and VII of the Complaint that the defendants violated Palmer's constitutional rights by: maliciously prosecuting her, **intentionally or recklessly causing her to suffer**

> **emotional distress**, failing to train or properly supervise County Sheriffs, and subjecting her to a false arrest...Thus, it is abundantly clear, that the plaintiffs were aware, no later than August, 2001, that the defendants and this Court were not interpreting the Fourth Count as pleading that Palmer's 14th Amendment right to a fair trial had allegedly been violated...The language of this Court's August 22, 2001 Decision and Order and the Ray Sands Glass Defendants' summary judgment memorandum of law are clear and unequivocal that they were construing the plaintiffs' Fourth Count as one for intentional or reckless infliction of emotional distress, and **not** as one for a fair trial violation....

*See*, Reply/Response to Objections [#225] ¶¶13-14 (citations and internal quotations omitted). In short, defendants argue that the plaintiffs could have, and should have, moved to amend the Complaint in 2001.

Plaintiffs' motion to amend the complaint was referred to the Honorable Jonathan W. Feldman, United States Magistrate Judge, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C.A. § 636(b)(1)(A). On March 15, 2005, Magistrate Judge Feldman issued a Decision and Order [#222] denying plaintiffs' Motion to Amend [#216]. In this order, Magistrate Judge Feldman held that

> plaintiffs fail[ed] to provide any explanation for their failure to move to amend the complaint in 2001 when it became apparent that their Fourth Cause of Action was not being interpreted as a fabrication of evidence claim by either defendants or Judge Telesca. Moreover, plaintiffs have indicated to the Court that if the motion to amend were granted, they would move for summary judgment on that claim. This would result in further delay of the case and undue prejudice to defendants because the parties' dispositive motions on a number of issues have already been decided by Judge Telesca.

On April 7, 2005, Plaintiffs filed the subject Objections [#223] to that Decision and Order.

STANDARD OF REVIEW

The appropriate standard of review to be applied here depends upon whether plaintiffs' motion to amend is classified as being dispositive or non-dispositive of a claim or defense of a party. Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a

5

Magistrate Judge may hear and determine any pretrial matter except those considered to dispositive.[2]  As to non-dispositive matters, a District Court is directed to reverse a Magistrate Judge's order only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." With regard to when an order will be clearly erroneous,

> [t]he Supreme Court has held that a finding is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed. Indeed, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.  Pursuant to this highly deferential standard of review, a magistrate judge is afforded broad discretion in resolving non dispositive disputes and reversal is appropriate only if their discretion is abused.

*Lyondell-Citgo Refining v. Petroleos de Venezuela*, No. 02 Civ. 0795 (CBM), 2005 WL 883485 at *3 (S.D.N.Y. April 14, 2005)(citations and internal quotations omitted).  However, when reviewing a dispositive pre-trial motion, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C).

The appropriate classification of a Motion for Leave to File an Amended Complaint, as either a dispositive or a non-dispositive pretrial motion, is not settled within the Second Circuit. *See Credit Suisse First Boston LLC v. Coeur D'Alene Mines Corp.,* No. 03 Civ. 9547 (PKL) (MHD), 2005 WL 323714 at *3 (S.D.N.Y. Feb. 10, 2005).  Some courts within the Second Circuit  have held that a motion to amend a complaint is a dispositive pre-trial motion and have used de novo standard to review the decision of a magistrate judge. See *Covington v. Kid,* No. 94 Civ. 4234 (WHP), 1999 WL 9835 (S.D.N.Y. Jan. 7, 1999)(holding that a magistrate judge's

---

[2] 28 U.S.C. 636(b)(1)(A) provides that a magistrate judge may not hear and determine a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

order denying leave to amend the complaint was dispositive because it foreclosed plaintiff's potential claims); *Moss v. Stinnes Corp.*, No. 92 Civ. 3788 (JFK),1995 WL 625685 (S.D.N.Y. Oct. 25, 1995)(holding that the appropriate standard of review of a magistrate's denial of a motion to amend that has the effect of disposing of certain of plaintiff's proposed claims is subject to reconsideration *de novo*); *Scally v. Daniluk*, No. 96 Civ. 7548 (KMW), 1997 WL 639036 (S.D.N.Y. Oct. 15, 1997)(stating that because denial of plaintiff's motion to amend by magistrate judge would lead to dismissal of the complaint, *de novo* review of the portions of the order to which defendants object is appropriate). However, the weight of authority within this Circuit classifies a motion to amend a complaint as a non-dispositive pre-trial motion, and holds that a magistrate's order should be reviewed under the "clearly erroneous standard". *See Lyondell-Citgo Refining v. Petroleos de Venezuela*, 2005 WL 883485 at *3 (observing that the weight of authority within this Circuit applies a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading); *Benedict v. Amaducci*, No. 92 Civ. 5239 (KMW), 1995 WL 413206 at *11 (S.D.N.Y. July 12, 1995)(holding that where plaintiffs offered no support in case law for their request of a *de novo* review and great weight of authority holds otherwise, a magistrate judge's denial of leave to amend a complaint will not be overturned by the district court unless it is shown to be clearly erroneous or contrary to law); *Schoolfield v. Dep't of Correction*, No. 91 Civ. 1691 (MJL), 1993 WL 127202 at *2 (S.D.N.Y. Apr. 20, 1993)(classifying plaintiff's motion to amend the complaint as non-dispositive and subject to a clearly erroneous or contrary to law standard). Consequently, this Court will review Magistrate

Judge Feldman's order according to the "clearly erroneous" standard[3].

ANALYSIS

Motions to amend pleadings are generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Despite the generally liberal granting of these motions,

> leave to amend may be denied for reasons such as delay, bad faith or dilatory motive of movant, futility of the amendment and prejudice. In exercising this discretion, courts consider whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed. The Court may also deny leave to amend where there has been delay and no satisfactory explanation is offered for the delay.

*E.E.O.C. v. Morgan Stanley & Co., Inc.*, No. 01 Civ. 8421 (RMB)(RLE), 211 F.R.D. 225, 227 (S.D.N.Y. 2002)(citations and internal quotations omitted). However, as in the instant case, when a party seeks to amend a pleading beyond the deadline set forth in a scheduling order entered pursuant to Federal Rule of Civil Procedure 16, the above-mentioned standard does not apply. Rather, the moving party must establish "good cause":

> The Second Circuit has held 'that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after a deadline set in the scheduling order where the moving party has failed to establish good cause...Disregarding the instructions of a scheduling order 'would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*In re Wireless Telephone Services Antitrust Litigation*, No. 02 Civ. 2637 (DLC), 2004 WL 2244502 at *5 (S.D.N.Y. Oct. 6, 2004)(citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

In the subject Objections [#223], plaintiffs have argued that it was clear error for Magistrate Judge Feldman to deny the motion on the grounds that plaintiffs failed to provide an

---

[3]Both plaintiffs' Objections [#223] and defendants' Response to Objections [#225] urge the Court to apply the "clearly erroneous" standard.

explanation for not moving to amend sooner. Plaintiffs also argue that Magistrate Judge Feldman clearly erred in finding that his granting the motion would result in further delay of the case and cause undue prejudice.[4] Specifically, as to their first objection, plaintiffs contend that they provided the Court with a satisfactory explanation for the delay of the motion-- their reasonable belief that they had sufficiently alleged a claim for fabrication of evidence/denial of a fair trial in the Complaint. In essence, plaintiffs urge that until the receipt of the Decision and Order entered December 16, 2004 [#212], they reasonably believed that the defendants and the Court considered the Fourth Count as a claim for a 14th Amendment claim for violation of the right to a fair trial. In support of this argument, plaintiffs rely on: the Complaint's reference to the use of false and misleading information to prosecute Palmer as conscience shocking conduct in violation of the 14th Amendment; their Motion for Summary Judgment pursuant to *Riciutti* in November 2003; and the requirement under Federal Rule of Civil Procedure 8 providing for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Essentially, plaintiffs take issue with Magistrate Judge Feldman's finding that it became apparent in 2001 that the Fourth Cause of Action was not being interpreted as a fabrication of evidence claim. Ultimately, plaintiffs contend that they seek merely to amend the Complaint so as to plead a fabrication of evidence/right to a fair trial claim with more particularity than in the original Complaint.

The Court finds plaintiffs' objections to be unpersuasive. For example, this Court does `

---

[4] Magistrate Judge Feldman held that "Plaintiffs had indicated to the Court that if the motion to amend were granted, they would move for summary judgment on that claim. This would further delay the case and would cause undue prejudice to the Defendants because the parties' dispositive motions on a number of issues had already been decided." Decision and Order [#223], p. 2.

not agree with plaintiffs that the Fourth Count clearly stated a 14th Amendment fabrication of evidence/right to fair trial violation claim. In this regard, plaintiffs' counsel states that "[t]he reason why plaintiffs believed that the forth [sic.] count contains a claim for fabrication of evidence is because the complaint makes numerous references to the false and misleading nature of the Funds Schedule."*Id.* at 4. However, these allegations are consistent with plaintiffs' malicious prosecution claims, and do not necessarily indicate that plaintiffs were also seeking to assert a separate "fair trial" and "fabrication of evidence" claim under *Riciutti*. As to a claim for malicious prosecution,

> [i]n order to prevail on a §1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law. Under New York law, the elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause and (4) malice...[As to the third requirement,] a showing of probable cause will defeat the malicious prosecution claim. The existence of probable cause is a complete defense to a claim of malicious prosecution in New York...[i]f plaintiff is to succeed in his malicious prosecution action after he had been indicted, he must establish that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.

*Rivas v. Suffolk County*, 326 F.Supp.2d 355, 362 (E.D.N.Y. 2004)(citations and internal quotations omitted). Here, plaintiffs' allegations in ¶¶ 35-43 of the Complaint are the kind of facts needed to assert a lack of probable cause essential to support a malicious prosecution claim. As such, there would have been no reason for defendants or the Court to read those allegations as pleading a *Riciutti* claim, especially where the Complaint does not contain any reference to a "right to fair trial" or "fabrication of evidence", as would be expected if there was a claim under *Riciutti*. Moreover, the Complaint lists Count Four as being against all defendants, not just Hennekey, while plaintiffs now seek to assert a fair trial claim solely against Hennekey. Although defendants did at times refer to the Fourth Count as a federal due process claim

10

alleging conscience shocking conduct, there is no evidence that the defendants ever understood that plaintiffs were seeking to assert a claim against Hennekey for violation of Palmer's right to a fair trial based on fabricated evidence under *Riciutti*.

Plaintiffs also contends that Judge Feldman clearly erred in finding that granting the motion to amend would result in further delay, since plaintiffs never indicated to the court that they would move for summary judgment if the motion to amend was granted. *See*, Objections to Order [#223], p. 10. However, counsel for plaintiffs stated that "[i]f the motion [to amend] is granted, [p]laintiffs respectfully request that the court set deadlines to file the amended complaint, effect service of the complaint on counsel and bring a motion for summary judgment, if any." Letter dated March 18, 2005 from Attorney Brian Goewey to Magistrate Judge Feldman, ¶2. Since, at that point, the defendants had already stated that they would not bring a motion for summary judgment, plaintiffs' request indicates that they must have intended to bring one. Accordingly, the Court finds that Magistrate Judge Feldman's finding on this point was not clearly erroneous.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' Objections [#223] are denied, and Magistrate Judge Feldman's Decision and Order [#222] denying plaintiffs' Motion for Leave to Amend the Complaint [#216] is affirmed and adopted in its entirety.

Dated:   Rochester, New York
         July 20, 2005         ENTER:


                               /s/ Charles J. Siragusa
                               CHARLES J. SIRAGUSA
                               United States District Judge